[Crim. No. 8547.   Second Dist., Div. Four.   Mar. 15, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES E. BROWN, Defendant and Appellant.

James E. Brown, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged with the crime of petty theft with a prior conviction of a felony, in violation of section 667 of the Penal Code.  The prior conviction was for the same offense with which defendant is now charged, namely, petty theft with a prior conviction of a felony.  Defendant pleaded not guilty and denied the prior conviction.  Trial was by the court, trial by jury having been duly waived by defendant.  Pursuant to stipulation of defendant and all counsel the cause was submitted to the

court on the testimony contained in the transcript of the proceedings had at the preliminary hearing. The trial judge indicated for the record that he had read and considered the evidence had at the preliminary hearing.

Defendant did not testify in his own ·behalf. He was found guilty as charged. Probation was denied and defendant was sentenced to the state prison for the term prescribed by law. Defendant prosecutes this appeal from the judgment of conviction. Application was made by defendant for appointment of counsel to assist him on appeal. This court, having made an independent investigation of the record and having determined that it would be neither advantageous to defendant nor helpful to this court to have counsel appointed, denied the application, whereupon defendant prosecutes this appeal in propria persona. Defendant was notified and the time to file a brief was extended to January 3, 1963. None has been filed. We, however, have given the appeal full consideration.

█ At the trial it was stipulated by all counsel that there would be received in evidence a certificate from the State of California Department of Corrections dated March 13, 1962, which stated that James Edward Brown was received by that department on December 20, 1941, under commitment from the Superior Court of Alameda County for the offense of petty theft; that on January 28, 1944, he was returned as a parole violator to finish his term; that on February 18, 1944, his parole was suspended and his term was fixed at five years, the five years to run concurrently; and that on October 9, 1944, he was discharged. Attached to the certificate was a fingerprint exemplar, a photograph, and two pages of copies of the minutes of the court proceeding.

It was further stipulated that these documents, marked People's 1 for identification, were the records of the defendant in this case. These exhibits were received in evidence by the court.

Eddie Ross, Jr., testified he was employed at the Shop-Rite market on March 9, 1962, as a "checker." He was stocking shelves when he was called to operate checkstand No. 1. As he approached the checkstand he observed defendant standing beside two boxes of meat which were then on the checkstand. Defendant was standing outside of the checkstand and when Ross attempted to check out the boxes of meat, defendant told him, "Some lady is going to pay for them." Defendant then picked up the boxes, placed them to the side of the checkstand and left the store. Ross testified

that his suspicions were aroused by defendant's actions and that he called the assistant manager of the store and told him he thought defendant would attempt to steal the groceries. Defendant came back into the store within five minutes. He picked up the boxes from checkstand No. 1, carried them to checkstand No. 4 and again left the store. Ross kept defendant under observation and in a few moments defendant returned to checkstand No. 4, picked up the boxes, and without paying for them proceeded to take them out of the store. Ross testified that he apprehended defendant with the boxes as defendant was leaving the store. Defendant again stated "Some lady is going to pay for them." A special officer was called and defendant was arrested and searched. It was discovered defendant had in his possession the sum of $9.00. The cost of the meat taken by defendant was $20.64.

Section 667 of the Penal Code provides that, "Every person who, having been convicted of any felony either in this State or elsewhere, and having served a term therefor in any penal institution, commits petty theft after such conviction, is punishable therefor by imprisonment in the county jail not exceeding one year or in the State prison not exceeding five years."

Clearly, here the evidence was sufficient to find defendant guilty of the crime of petty theft with a prior conviction of a felony. (See *People* v. *Thompson,* 158 Cal.App.2d 320 [322 P.2d 489].)

In a letter addressed to the clerk of the court defendant noted that his "principal grounds for appeal consists [*sic*] in that [he] was deprived of [his] right to a jury trial without [his] consent or waiver." As heretofore indicated, the minutes of the clerk of the court indicate "The defendant personally and all counsel waive jury trial." The reporter's transcript indicates that defense counsel advised the court on the day of trial that there would be "a jury waiver and submission on the transcript." The court then took a recess and read the transcript, and when the court called the case for trial defense counsel announced: "Ready, your Honor. Defendant wishes to waive jury and submit it on the transcript." The reporter's transcript then contains the following notation:

"(Jury waiver taken.)

"Mr. Rasmussen [defense counsel]: I join in that waiver.

"Mr. Geragos [deputy district attorney]: We join in the waiver."

While clearly the court reporter should have transcribed fully whatever question was asked of the defendant with respect to the jury waiver and recorded his response, it cannot be presumed that by reason of his failure to do so an inference lies that defendant did not personally waive his right to trial by jury, particularly in view of the minutes of the court clerk which recite specifically that "The defendant personally and all counsel waive jury trial."

We find no error in the trial. The evidence fully supports the conviction and the appeal is entirely without merit.

The judgment of conviction is affirmed.

Burke, P. J., and Kingsley, J., concurred.