Opinion
FAINER, J.
Defendant appeals his conviction, by jury trial, for violation of Penal Code section 487, subdivision 1 (grand theft). The pertinent facts of this case were that defendant, after being observed for several hours pushing a shopping cart around a Fed Mart Store, was seen pushing a cart, with a large cardboard chandelier box on it, up to a checkstand in the store. An alert cashier at the checkstand, noticing that the box was loosely taped, stated that he would have to open and check the contents of the box before he would allow defendant to pay the price marked and remove the box from the store. Defendant then walked back through the checkstand and into the store, leaving the box with the cashier. Defendant was arrested by store security after the box was opened, disclosing in excess of $900 worth of store items, consisting of batteries, tools, and chain saws, but no chandelier.
Defendant contends that these facts were insufficient evidence to convict him of grand theft. More specifically, defendant contends that the evidence was insufficient to show an asportation or carrying away of the personal property of the Fed Mart Store and therefore was, at most, an attempt to commit grand theft.
*Supp. 4 Our function on appeal in this case is to determine first the applicable law of theft by larceny, which is the theft for which defendant was specifically charged, and then to examine the record to ascertain whether there was substantial evidence of the disputed element of the crime to support the judgment of conviction. (People v. Farris (1977) 66 Cal.App.3d 376, 383 [136 Cal.Rptr. 45]; People v. Roberts (1975) 51 Cal.App.3d 125, 138 [123 Cal.Rptr. 893].)
The crime of larceny is the stealing or taking of the property of another. (Pen. Code, § 484.) “The completed crime of larceny— as distinguished from an attempt—requires asportation or carrying away, in addition to the taking. [Citations omitted.]” (1 Witkin, Cal. Crimes (1963) Crimes Against Property, § 378.) “The element of asportation is not satisfied unless it is shown that ‘the goods were severed from the possession or custody of the owner, and in the possession of the thief, though it be but for a moment.’” (Ibid.)
The other element of theft by larceny is the specific intent in the mind of the perpetrator “. . .to deprive the owner permanently of his property....” (CALJIC No. 14.03; 1 Witkin, Cal. Crimes (1963) Crimes Against Property, §§ 383, 384, 385, 386.)
The sufficiency of the evidence to support a finding of intent is not a claim of error on this appeal but is important in reviewing the jury’s determination of the existence of the element of asportation or carrying away, a question of fact. The jury was instructed that “[I]n order to constitute a carrying away, the property need not be . . . actually removed from the premises of the owner. Any removal of the property from the place where it was kept or placed by the owner, done with the specific intent to deprive the owner permanently of his property . . ., whereby the perpetrator obtains possession and control of the property for any period of time, is sufficient to constitute the element of carrying away.” (CALJIC No. 14.03.)
The cases make a distinction between fact patterns in which the defendant takes possession of the owner’s property and moves it with the intent to carry it away, so that it is not attached to any other property of the owner (People v. Tijerina (1969) 1 Cal.3d 41, 47 [81 Cal.Rptr. 264, 459 P.2d 680]; People v. Thompson (1958) 158 Cal.App.2d 320, 322, 323 [322 P.2d 489]; People v. Brown (1963) 214 Cal.App.2d 128 [29 Cal.Rptr. 267]) and those cases in which a thief is frustrated in his *Supp. 5 attempt to carry the property away (People v. Meyer (1888) 75 Cal. 383, 385 [17 P. 431]). All of the cases cited above make it clear that the property does not have to be actually removed from the premises of the owner. The jury was properly instructed as to the necessary elements of the crime of theft by larceny. They were not told that there could be no taking or carrying away or asportation unless defendant was able to get the chandelier box containing other store property past the cashier. This was a factor to be considered by the jury, as the trier of fact, in determining whether there was or was not an asportation.
The defendant was seen pushing a shopping cart carrying a carton or container for packaging a chandelier; the chandelier had been removed from the carton and the items already described, of a value of $900, were in the carton. The carton was taped. It was the recent taping of the carton that prompted the cashier not to permit the defendant to go through the check stand until the contents of the carton were checked. The defendant, on being informed of this, walked back into the store, leaving the carton behind. These facts, and the reasonable inferences which can be drawn therefrom support the jury’s finding of asportation by substantial evidence.
The intent to permanently deprive the store of its merchandise was clear. The defendant in this appeal does not even attempt to negate the element of intent by proof of innocence though careless mistake. (See 1 Witkin, Cal. Crimes, supra, § 385.)
The judgment of conviction is affirmed.
Ibáñez, P. J., concurred.