[No. B044008. Second Dist., Div. Five. May 16, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY MARK IRVIN, Defendant and Appellant.

182

**COUNSEL**

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant

Attorney General, Donald E. deNicola and Jaime L. Fuster, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

## BOREN, J.—

### I. INTRODUCTION

Jeffrey Mark Irvin appeals from the judgment entered after a jury trial resulting in his conviction of second degree robbery with the use of a knife and grand theft of an automobile (Pen. Code, §§ 211, 487, subd. 3, 12022, subd. (d)),[1] and findings after a court trial of two prior serious felony convictions and service of a prior separate prison term for a felony conviction. (§§ 667, subd. (a), 667.5, subd. (b).) He contends that the trial court erred in failing to dismiss the conviction for grand theft and to exclude evidence of his prior felony convictions for impeachment purposes. The Attorney General contends that the trial court acted without jurisdiction in failing either to impose or strike the one-year enhancement for serving a prior prison term. (§ 667.5, subd. (b).) We agree with defendant that the grand theft conviction must be reversed and dismissed, and we also agree with the Attorney General that we must remand the case to the trial court to allow the trial court to exercise its discretion to impose the one-year enhancement or to strike it pursuant to section 1170.1, subdivision (h).

### II. FACTS

Viewed in accordance with the usual rules on appeal (*People* v. *Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110]) the evidence established that, on March 9, 1989, about 10:10 p.m., Pamela Proctor was driving her 1988 Mercury Tracer in the "drive-thru" lane of a McDonald's restaurant. While she was waiting behind the car in front of her which was at the cashier's window, defendant approached, held a knife to her chest, and ordered her to "scoot over" so he could drive her car around the corner. She complied, and he entered her driver's seat, backed the car out of the lane, and began to drive across the parking lot toward a Builders Emporium that was closed for the night. As he drove, defendant demanded Proctor's money and purse. She was afraid and gave them to him. As he neared the Builders Emporium, defendant ordered her out of her car, again stating that he was just going around the corner. She got out, and defendant drove away with her

---

[1]Unless otherwise indicated, all future statutory references are to the Penal Code.

car. Proctor walked to the corner, then returned to the restaurant and contacted the police.

In the early morning hours of March 11, 1989, Los Angeles Police Officer Stewart Jaye and his partner were on patrol when they observed defendant run a red light in Proctor's car. The officers followed defendant, lost him, and then found him parked in a nearby alley. Defendant fled to an apartment on foot, but the officers ordered him out and arrested him. Later, Proctor identified defendant as the robber from a photographic display.

## III.  DISCUSSION

### A.  *Double Conviction Issue*

■ Defendant contends that the trial court should have dismissed the grand theft of an automobile count because it was a lesser and necessarily included offense of the robbery.[2] The contention has merit.

■ It is well settled that multiple convictions may not be based on necessarily included offenses, and where one offense is necessarily included in the other, conviction of the greater offense is controlling, and the defendant may not be convicted of the lesser offense. (*People* v. *Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].) In the *Pearson* case, the Supreme Court noted that where a defendant is convicted "of robbery and grand theft for the same act . . . [,] the grand theft conviction must be reversed 'because it is a lesser necessarily included offense of the crime of robbery.'" (*Ibid.*, citing *People* v. *Cole* (1982) 31 Cal.3d 568, 582 [183 Cal.Rptr. 350, 645 P.2d 1182].) The Attorney General asserts that, under the facts of the instant case, the grand theft charge was not a lesser and necessarily included offense of the robbery charge. ■ However, "[i]t has long been the law of California that robbery is simply an aggravated form of theft with the additional element of force or fear, and that theft is therefore a lesser but necessarily included offense of robbery." (*People* v. *Miller* (1974) 43 Cal.App.3d 77, 81 [117 Cal.Rptr. 491].) The Attorney General focuses on the fact that defendant stole first the victim's money and purse and then took her automobile from her. We think for the purpose of this question it is not a matter of great significance what personal property was stolen from the victim. The analysis is the same whether the item stolen is money or an automobile or both.

---

[2]Defendant was charged in count I with kidnapping in violation of section 209, but the trial judge granted a defense motion for judgment of acquittal pursuant to section 1118.1 at the conclusion of the prosecution's case-in-chief. Count II was the robbery charge and count III, the charge of grand theft of an automobile.

■ Robbery is a crime which is frequently spread over distance and varying periods of time. It is generally committed in three phases, which are assault of the victim, seizure of the victim's property, and the robber's escape to a location of temporary safety. (*People* v. *Laursen* (1972) 8 Cal.3d 192, 199-200 [104 Cal.Rptr. 425, 501 P.2d 1145].) The crime of robbery is not confined to the taking of property from the victim, and the crime is not completed until the robber has won his way to a place of temporary safety. (*People* v. *Carroll* (1970) 1 Cal.3d 581, 585 [83 Cal.Rptr. 176, 463 P.2d 400].) Thus, a robbery may be a continuing crime, spread over distance and time. (*People* v. *Chapman* (1968) 261 Cal.App.2d 149, 175 [67 Cal.Rptr. 601].) ■ That defendant here relieved the victim of her purse and money and then a short time later removed her car from her does not alter the continuing nature of the robbery.

To convict an accused of robbery, proof is required that the accused took personal property from the immediate presence of the victim. The Supreme Court has held that "immediate presence" means an area in which the victim could have reasonably expected to exercise some physical control over his or her property. (*People* v. *Hayes* (1990) 52 Cal.3d 577, 626-627 [276 Cal.Rptr. 874, 802 P.2d 376], citing *People* v. *Bauer* (1966) 241 Cal.App.2d 632, 642 [50 Cal.Rptr. 687].) In *Bauer*, *supra*, the defendant murdered the victim and then took the victim's keys and the car parked outside the house in which the murder took place. The appellate court held that the robbery encompassed the taking of the car as well as the keys. (*Id.* at p. 642.)

We find no authority for the proposition that a robber may be charged with and convicted of a separate robbery, or an additional offense of grand theft, because he or she took more than one item from a solitary victim during a single course of conduct. We note that in staying the punishment for the grand theft auto conviction, the trial court also recognized the obvious: that the acts of theft associated with this robbery occurred pursuant to a single course of conduct. For the question presented here we obtain some guidance from the case of *People* v. *Bauer* (1969) 1 Cal.3d 368 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398], wherein the Supreme court addressed the separate question of double *punishment* (pursuant to § 654) in a situation factually related to that in our case. The robbers there held up three elderly women in their home at gun and knife point and ransacked the house after tying up the victims. When the robbers left the house, they also stole the car of one of the victims. Although the double *conviction* issue was not raised therein, in *Bauer* the Supreme Court did reject the Attorney General's arguments in support of punishment both for the robbery convictions (three victims, therefore three robbery offenses) and for the grand theft auto conviction. In doing so, the Supreme Court observed: "[W]here a defendant

robs his victim in one continuous transaction of several items of property, punishment for robbery on the basis of the taking of one of the items and other crimes on the basis of the taking of the other items is not permissible." (*Id.* at p. 377.) The court also observed that "the fact that one of the crimes may have been an afterthought does not permit multiple punishment where there is an indivisible transaction." (*Ibid.*) There are no facts in the case before us that make the grand theft automobile any more divisible from the robbery than were the transactions in *Bauer.*

In the instant case, since the defendant had neither ceased to threaten violence toward the victim nor had yet made his escape at the time he let the victim out of her car and drove away, there was but one act of robbery, and that occurred concurrently with the accompanying acts of theft (i.e., the taking of the victim's purse, money and car). Logically, the theft of the automobile is no more divisible from the rest of the robbery than is the theft of the money from the theft of the purse. (See *People* v. *Estes* (1983) 147 Cal.App.3d 23, 28-29 [194 Cal.Rptr. 909], in which the defendant's robbery conviction was affirmed but his theft conviction reversed where the defendant shoplifted merchandise in a store and then assaulted a security guard who tried to apprehend him in the parking lot.)

Although the defendant took more than one item of personal property from Proctor, the few seconds which elapsed between each taking coupled with the circumstance that her car traveled some small distance across the parking lot are wholly insufficient facts to sustain a finding that defendant can be convicted of both robbery and grand theft in this case. The robbery here was a continuous transaction, and the theft of the automobile was necessarily included within that robbery.[3] We therefore order the conviction of grand theft (count III) reversed and direct the trial court to dismiss that charge upon filing of the remittitur herein.

### B.   *Impeachment Issue*

■   After the People rested, defense counsel requested that the court preclude the prosecution from impeaching defendant with a prior conviction of robbery, a similar offense. The court denied the motion and said: "I think Proposition 8 which was adopted unanimously and overwhelmingly by the

---

[3]The dissent, in support of the position that the taking of the victim's automobile in this case was *not* a lesser and necessarily included offense of the robbery, cites *People* v. *Aho* (1984) 152 Cal.App.3d 658 [199 Cal.Rptr. 671]. (*Post,* p. 195.) *Aho* is not on point because it involves Vehicle Code section 10851, not theft, and the violation of that Vehicle Code provision does not constitute a necessarily included lesser offense of robbery. Also, *Aho* does not address the question of whether the taking of separate items constitutes separate crimes.

People of the State of California to the effect that those priors are to be used for all legal purposes would mitigate against [defendant's] position. I don't think he is entitled to be cloaked with a false aura of veracity." Defendant did not testify. The contention that the trial court erred when it ruled impeachment with the prior robbery conviction would be permitted is not cognizable on appeal. Because defendant did not testify at trial, he is precluded from raising this issue on appeal. (*People* v. *Collins* (1986) 42 Cal.3d 378, 393 [228 Cal.Rptr. 899, 722 P.2d 173].)

### C. *Sentence Enhancement Issue*

Immediately prior to trial, the prosecution filed an amendment to the information and alleged that defendant had three prior felony convictions which, if found true, would enhance his sentence. The first two allegations encompassed defendant's 1979 convictions in case No. A195512 of robbery (§ 211) and of rape (§ 261, subd. (2)). The last allegation stemmed from defendant's 1986 conviction in case No. A916194 of robbery with a firearm (§§ 211/12022.5). The amendment alleged that for the 1979 robbery conviction, defendant had served a prior prison term for robbery within the meaning of section 667.5, subdivision (b),[4] which provides a one-year enhancement. The 1979 rape and 1986 robbery convictions were alleged to be serious felonies within the meaning of section 667, subdivision (a),[5] which provides a five-year enhancement of sentence for each such prior conviction.

The issue of the prior convictions and prior prison term had been bifurcated from the jury trial on the new offenses, and, after the jury began its deliberations, defendant waived his right to a jury trial on the issue of the priors. This matter was tried at the time of the probation and sentencing hearing, and unchallenged documentary evidence of the prior convictions and the prison term was admitted. During this court trial, defense counsel made a motion to strike the allegation of the prior prison term on the ground

---

[4]Section 667.5 provides in relevant part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: . . . [¶] (b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

[5]Section 667, subdivision (a) provides: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

that the requirements of the statutes had not been met.[6] The court subsequently asked the prosecutor: "What about the issue of the 667(a) requirement, that the language there says it has to be a prior conviction or charges brought and tried separately? [ ] In 667.5(b), which also says that, each prior prison term served for any felony in paragraph b, what is the People's position on that? [ ] Both 667.5(b) and 667(a), say that the sentences have to be served separately before the enhancement would apply. It appears to me that the robbery and the rape in A195512 were not served separately." After the trial court inquired whether the deputy district attorney desired to be heard on the issue, the prosecutor indicated that she did not wish to say anything.

The court then made the following ruling: "The court finds the prior allegations to be true, except that the court finds that the robbery conviction and the rape conviction in A195512 were tried and served at the same time. I find that allegation to be true. That those felony convictions were suffered, but that they were served at the same time." The court then sentenced defendant to five years on count II (the robbery conviction in this case) and added a one-year enhancement for use of the knife. (§ 12022, subd. (d).)[7] In imposing sentence pursuant to the enhancement allegations, the court stated: "The sentence as to count II . . . is enhanced by the addition of ten years, five years for the prior serious felony conviction of rape, in case A195512, pursuant to Penal Code section 667(a) and five additional years to be served consecutively to the robbery conviction, use of a firearm, in case A196194 [*sic*, 916194], within the meaning of Penal Code section 667(a). [¶] Total term is 16 years." The court made no reference to the allegation that defendant had served a prior prison term within the meaning of section 667.5, subdivision (b). The one-year term which could be have been imposed in connection with a finding that the allegation was true was not imposed.

The trial court's action as to the one-year enhancement allegation is ambiguous and incomplete. It can be argued that the trial court found the allegation to be not true (on the ground that the requirement of section 667.5, subdivision (b), that the felony be one for which a "prior separate prison term [be] served," was not met) or that the trial court had impliedly ordered

---

[6]Defense counsel stated: "I would ask the court to strike or not find true the allegation of 667.5(b) prior on the following grounds: Number one, that prior which is a separate offense in A195512, was not brought and tried separately. [¶] Number two, that that prior, if it was true, were to have been alleged should have been alleged for the conviction in 1986, in case A916194. I think it would be error to hold back and say that the five-year period is broken by the felony conviction in 1986."

[7]The trial court also sentenced defendant to the high term of three years on count III (the grand theft automobile conviction), but stayed imposition of that sentence pursuant to section "664" [*sic*, 654]. In section A of this opinion *ante*, we reverse count III.

it stricken (based on the same statutory interpretation). We conclude that neither argument is persuasive.

■ The record does not support any contention that the trial court found the enhancement allegation not true. The only oral pronouncement of the court was that "[t]he court finds the prior allegations to be true," and the court minute order also shows the same result. Although the reporter's transcript does not show that the court purported to strike the enhancement, that is what the minute order of the proceedings indicates was done. The trial court apparently assumed that the requirement of a separate prison term had not been met. If so, the trial court erred and therefore pronounced an unauthorized sentence. A defendant may be sentenced for a prior serious felony conviction and then also sentenced for a prior prison term for a different prior offense even though the convictions occurred at the same time and the sentences were served together.

In *People* v. *Medina* (1988) 206 Cal.App.3d 986, 990-992 [254 Cal.Rptr. 89], the defendant was convicted of a single first degree burglary count and received a five-year enhancement pursuant to section 667, subdivision (a), for a robbery and then also received a separate one-year enhancement pursuant to section 667.5, subdivision (b) for a second robbery prior conviction and prison term. The court concluded that such a sentence was proper. The Court of Appeal held: "The trial court here used one count of robbery to enhance under section 667. It used the second robbery count to add an enhancement for the prison term served by the defendant which was permitted under section 667.5. The trial court did not twice enhance the defendant's single sentence for the two robberies. Such a sentence would not be permitted under subdivision (g) of section 667.5. No language in either section 667 or in section 667.5 prevents the trial court from using two separate counts for different sentencing objectives. By the express terms of section 667.5, subdivisions (b) and (g), only another enhancement for a different conviction being punished by the same term of confinement cannot be enhanced by section 667.5. [¶] The trial court acted well within its discretion in sentencing the defendant pursuant to both sections 667 and 667.5, especially where the underlying crimes used for each enhancement were separate and distinct." (*Id.* at p. 992.) Similarly the Court of Appeal in *People* v. *Vaughn* (1989) 209 Cal.App.3d 398 [257 Cal.Rptr. 229], held that the trial court could properly impose a five-year section 667 enhancement for a prior serious felony conviction (burglary of an inhabited dwelling) and a one-year section 667.5, subdivision (b) enhancement for a prior prison term (for another burglary conviction) notwithstanding that the sentences for these two prior burglaries had been served concurrently. (209 Cal.App.3d at pp. 400-402.)

We agree with the analysis of our colleagues in *Medina* and *Vaughn*. Accordingly, insofar as the trial court failed to impose the one-year enhancement because the court found the prior prison term had been served at the same time as the prison term underlying the prior serious felony conviction enhancement, the sentence was based upon a faulty premise, erroneous and unauthorized under the law.

As the Attorney General argues, the sentence was unauthorized by law because the trial court failed either to impose the one-year enhancement for the robbery prior prison term or to strike it pursuant to section 1170.1, subdivision (h), and the case should be remanded to superior court for proper sentencing.[8] A sentencing court is required to impose an additional one-year enhancement term where a section 667.5, subdivision (b) allegation has been found true, unless the court finds " 'circumstances in mitigation' " and " 'states on the record its reasons.' " (*People* v. *Jordan* (1986) 42 Cal.3d 308, 314-315 [228 Cal.Rptr. 197, 721 P.2d 79], citations omitted.) Here, the trial court neither stated that it was granting the motion to strike nor cited any mitigating circumstances or reasons for doing so. We therefore conclude that the failure to impose the one-year enhancement or to strike it pursuant to section 1170.1, subdivision (h) resulted in a sentence unauthorized by law and that the case should be remanded so that the court may make a proper sentencing choice.

█ Defendant also urges that the trial court's sentencing choice may not be reviewed on this appeal. It is well established that the prosecution may raise for the first time on appeal or in connection with a defendant's habeas corpus petition the question of whether a sentence was unauthorized by law. (*People* v. *Serrato* (1973) 9 Cal.3d 753, 764-765 [109 Cal.Rptr. 65, 512 P.2d 289]; *In re Sandel* (1966) 64 Cal.2d 412, 418 [50 Cal.Rptr. 462, 412 P.2d 806].) The Supreme Court has held that when a trial court pronounces an unauthorized sentence that such a judgment "is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*People* v. *Serrato*, *supra*, 9 Cal.3d at p. 764, fn. omitted; *In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13].)

Even where the prosecution has not appealed, appellate courts have ordered correction of sentences under varying circumstances. In *People* v. *Cattaneo* (1990) 217 Cal.App.3d 1577, 1589 [266 Cal.Rptr. 710], the trial

---

[8]Section 1170.1, subdivision (h) provides in relevant part: "Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided in Sections 667.5 . . . if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment."

court stayed an enhancement when the statute only authorized the trial court to strike the additional sentence. The Court of Appeal reversed the stay order and directed the trial court to either impose or strike the enhancement. (*Ibid.*) In *People* v. *Price* (1986) 184 Cal.App.3d 1405, 1411 [229 Cal.Rptr. 550], the court improperly utilized the provisions of section 654 in order to stay a sentence. When the defendant appealed, the appellate court ordered that the stayed sentence be imposed. (*Ibid.*) In *People* v. *Pitmon* (1985) 170 Cal.App.3d 38, 44, footnote 2 [216 Cal.Rptr. 221], the Court of Appeal determined that a five-year sentence for a crime carrying a possible three-, six- or eight-year term was an unauthorized sentence and, upon remand, the defendant was subject to any of the three alternative sentences. In *People* v. *Cabral* (1975) 51 Cal.App.3d 707, 718-719 [124 Cal.Rptr. 418], the Court of Appeal, in a case where the defendant appealed, reversed an order staying the sentence pursuant to section 654. The Court of Appeal ordered resentencing as to the stayed count. (*Ibid.*)

In two cases, the Court of Appeal has dealt with factual situations involving the failure of a trial court to impose a sentence for an enhancement. In each case, the trial court had the authority to strike the additional punishment but only when mitigating circumstances were recited on the record. In *People* v. *Benton* (1979) 100 Cal.App.3d 92, 102-103 [161 Cal.Rptr. 12], the Court of Appeal held that a trial court's order staying sentences for enhancements pursuant to section 667.5 was unauthorized in part because the court did not state that it was striking the sentences and then setting forth the mitigating factors as required by section 1170.1, subdivision (h). The court concluded that the case must be remanded for resentencing so that the trial court could either impose the sentence for the enhancements or strike the section 667.5 enhancement sentences along with a recitation of mitigating circumstances. In *People* v. *Price, supra,* 184 Cal.App.3d at page 1411, footnote 6, the Court of Appeal held: "The failure to pronounce sentence on a count is an unauthorized sentence and subject to correction on remand. [Citation.] Thus, as to the count IV section 12022.3 enhancement, there is no question that a harsher term (viz., imposition of the enhancement) could result on remand." Clearly, if the trial court's failure to impose or strike the sentence in the present case is an unauthorized sentence, this court has the authority to remand the case to the trial court with directions to impose a lawfully authorized sentence.

We conclude that the sentence as to the section 667.5, subdivision (b) enhancement was unauthorized by law and therefore void for the following reasons. First, the court never orally stated that it was striking the enhancement. ■■■■ Second, the court orally stated that it found the section

667.5 allegation to be true.[9] ▮ Therefore, the trial court's failure either to state that it was striking the enhancement or to impose it was "analogous to a failure to pronounce sentence on all counts, which is the type of unauthorized sentence that can be corrected by remand on the defendant's appeal." (*People* v. *Benton, supra*, 100 Cal.App.3d at p. 102.) In *People* v. *Price, supra*, 184 Cal.App.3d at page 1411, footnote 6, as previously noted, the court held that the failure to mention an enhancement for weapons use in a sexual assault case was an unauthorized sentence which was subject to correction on remand.

Defendant contends that the trial court had the authority to strike the enhancement pursuant to section 667.5 under the authority of section 1385, subdivision (a) "in furtherance of justice." However, the trial court never purported to act pursuant to section 1385, subdivision (a). The trial court never stated that it was dismissing or striking the enhancement. Furthermore, the trial court never set forth the reasons for such a dismissal "in an order entered upon the minutes." (§ 1385, subd. (a).) The requirement that reasons be set forth in writing is mandatory when there is a dismissal pursuant to section 1385, subdivision (a). (*People* v. *Hunt* (1977) 19 Cal.3d 888, 896-897 [140 Cal.Rptr. 651, 568 P.2d 376].) Finally, in *People* v. *Jordan, supra*, 42 Cal.3d 308, 318, footnote 6, a defendant argued that a sentencing court had the authority to strike a prior prison term enhancement pursuant to the terms of section 1385 as it was then worded. As in the present case, the superior court judge never stated that he was acting pursuant to section 1385. The Supreme Court concluded that since the "trial court never purported to exercise discretion under section 1385," the issue of the possible applicability of section 1385 to that case could not be raised for the first time on appeal. (*Ibid.*) The same is true in the case at bar.

▮ As a result of the trial court's imposition of an unauthorized sentence, the appropriate course of action is to remand this case to the trial court for resentencing. (*People* v. *Massengale* (1970) 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237].) Upon resentencing, the trial court retains discretion pursuant

---

[9]The trial judge stated: "The court finds the prior allegations to be true, except that the court finds that the robbery conviction and the rape conviction in A195512 were tried and served at the same time. I find that allegation to be true. That those felony convictions were suffered, but that they were served at the same time." Defendant refers to the clerk's minutes which state that the court struck "the prior conviction of 261(2)(3) Penal Code in case A195512." However, the trial court never orally stated that the motion was granted or that the prior prison term allegation pursuant to section 667.5, subdivision (b) was ordered stricken. Insofar as the clerk's written minutes are inconsistent with the transcript of the oral proceedings, the reporter's transcript defines the record of what occurred. (*People* v. *Mesa* (1975) 14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337].) The court's pronouncement of the finding that the allegation was true contains some ambiguity since the court noted the problem it had with the concurrent prison terms. But no contrary finding was stated (and could not lawfully be stated) and the court did *not* state it was granting the motion to strike.

to section 1170.1, subdivision (h), either to impose the one-year enhancement provided by of section 667.5, subdivision (b), or to strike it as long as the trial court finds mitigating circumstances and states its reasons for striking.

## IV. DISPOSITION

As to the conviction of grand theft of an automobile (count III) the judgment is reversed with directions to enter a dismissal upon filing of the remittitur. The judgment of conviction is otherwise affirmed except that the case is remanded to the trial court to determine whether to impose a one-year enhancement sentence pursuant to section 667.5, subdivision (b), or to strike the enhancement finding pursuant to section 1170.1, subdivision (h).

Grignon, J., concurred.

TURNER, P. J.—I respectfully dissent from that portion of the majority opinion that directs dismissal of the grand theft of an automobile count.[1]

The contention that the court should have dismissed the grand theft of an automobile count because it was a lesser-included offense of the robbery is

[1]I wish to emphasize that I do not believe this issue is properly before this court. No objection to the purported lesser included nature of the grand theft charge was raised in the trial court. Therefore, in my view, the issue has not been preserved for appellate purposes. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1138 [275 Cal.Rptr. 797, 800 P.2d 1227]; *Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261].) The prior decisions of the California Supreme Court which have held that a defendant may not be convicted of a greater and lesser offense have not addressed the issue of waiver when no objection was interposed in the trial court to the conviction of both the greater and lesser included crimes. Therefore, in the absence of a specific Supreme Court directive that this issue can be raised on appeal despite the failure to object in the trial court, I believe the general waiver rule and policy enunciated in *In re Marriage of Arceneaux, supra,* 51 Cal.3d at page 1138 and *Doers* v. *Golden Gate Bridge etc. Dist., supra,* 23 Cal.3d at pages 184-185, footnote 1, should apply. Had the issue been timely presented in the present case, the prosecution could have amended the information to charge defendant with driving the victim's car without her consent, a felony violation of Vehicle Code section 10851, subdivision (a). Defendant was apprehended two days later driving the victim's car. His act of driving the car would have been a felony and no doubt would not have been included within the prior robbery. This is a classic case where the waiver doctrine ought to apply so as to allow the court and the parties to correct the error in the trial court.

In *People* v. *Toro* (1989) 47 Cal.3d 966, 973-975 [254 Cal.Rptr. 811, 766 P.2d 577], our Supreme Court held that a defendant could, by failure to object, waive the right to litigate on appeal the correctness of a conviction of a nonlesser included offense. In *Toro*, the waiver rule applied to a defendant's due process rights to notice of the charges. (*Id.* at p. 973.) If the defendant in *Toro* waived, by failure to object in superior court, his right to raise an issue concerning his conviction of a nonlesser included offense on appeal, then defendant in this case waived his right to raise the issue on appeal that he was convicted of a purportedly lesser included offense.

without merit. The trier of fact reasonably could have concluded that two separate acts of larceny occurred. A robbery occurs when property is taken from a victim even though the property is possessed by the perpetrator of the crime only momentarily. (*People v. Tijerina* (1969) 1 Cal.3d 41, 47 [81 Cal.Rptr. 264, 459 P.2d 680]; *People v. Massie* (1967) 66 Cal.2d 899, 908 [59 Cal.Rptr. 733, 428 P.2d 869]; *People v. Meyer* (1888) 75 Cal. 383, 384-385 [17 P. 431]; *People v. Post* (1946) 76 Cal.App.2d 511, 514 [173 P.2d 48]; *People v. Quiel* (1945) 68 Cal.App.2d 674, 679 [157 P.2d 446]; *People v. Khoury* (1980) 108 Cal.App.3d Supp. 1, 4 [166 Cal.Rptr. 705].) When defendant took possession of the victim's money as he drove across the parking lot, a robbery occurred. After giving the money to defendant, the victim showed her wallet to him. Defendant then said to "give him the purse." After completely traversing the parking lot, defendant told the victim to "get out" of her car because he was "just going around the corner." Defendant then drove off in the car. An act is essential for the existence of a crime. (Perkins, Criminal Law (3d ed. 1982) p. 605.) One commentator has noted, "The word 'act' might be defined . . . in a narrow sense to mean only voluntary bodily movement." (1 LaFave & Scott, Substantive Criminal Law (1986) § 3.2(c), p. 275.) In *People v. Green* (1980) 27 Cal.3d 1, 53 [164 Cal.Rptr. 1, 609 P.2d 468], the Supreme Court held, "Under [Penal Code] section 20, the defendant's wrongful intent and his physical act must concur in this sense that the act must be motivated by the intent." There is substantial evidence which supports the conclusion that the taking of the money at knife point, a robbery, was a separate act from the subsequent grand theft of an automobile.

Also, the grand theft charged in count three of the information was not a lesser and necessarily included offense of the robbery charged in count two. As defendant correctly notes, a conviction for both a greater and a lesser and necessarily included offense is improper under California decisional law. (*People v. Toro, supra*, 47 Cal.3d at p. 971.) The test for determining whether separate counts charge both a greater and lesser offense is that when a crime cannot be committed without necessarily committing a less serious offense, the lesser charge is a necessarily included offense. (*People v. Lohbauer* (1981) 29 Cal.3d 364, 369 [173 Cal.Rptr. 453, 627 P.2d 183].) The robbery, as charged in count two, can be committed without committing the grand theft of an automobile. The essential element of the less serious offense, the taking of an automobile, is not an element of the greater offense of robbery. Division Three of the Fourth Appellate District has held that the unlawful taking of a motor vehicle, a violation of Vehicle Code section 10851, subdivision (a) is not a necessarily included crime of robbery. (*People v. Aho* (1984) 152 Cal.App.3d 658, 663-664. [199 Cal.Rptr. 671]) I conclude that the court in *Aho* correctly resolved the issue. Accordingly, defendant's

contention that the conviction for grand theft of an automobile should be reversed and dismissed is without merit.

Defendant's reliance on *People* v. *Cole* (1982) 31 Cal.3d 568, 582 [183 Cal.Rptr. 350, 645 P.2d 1182], is misplaced. In *Cole*, the Attorney General conceded that the grand theft charge was a lesser and necessarily included offense of the robbery charge. In *Cole*, the robbery consisted of the taking of the victim's firearms by means of force or fear. The theft of the guns was the apparent sole basis of the grand theft charge because larceny of a firearm is grand theft pursuant to Penal Code section 487, subdivision 3. In other words, the guns taken in connection with the grand theft were the same firearms which served as the basis for the robbery charge. By contrast, in the present case, the taking of the cash may properly serve as a robbery as charged in count two while the subsequent theft of the automobile may serve as the basis for a grand theft conviction as found by the jury in count three. Therefore, the Attorney General's concession which served as the basis of the analysis in *Cole* does not warrant this court in directing the dismissal of count three of the information in the present case.

Defendant's argument that since the trial court stayed the sentence under count three pursuant to Penal Code section 654 he is entitled to a dismissal is without merit. The Attorney General is correct in contending that the order staying the sentence as to count three is entirely irrelevant in terms of whether defendant may be convicted of violating both Penal Code sections 211 and 487, subdivision 3. In *People* v. *Aho*, *supra*, 152 Cal.App.3d at pages 663-664, the Court of Appeal held that the proper procedure to follow when there is a conviction for unlawfully taking an automobile and robbery is to stay the sentence for violating Vehicle Code section 10851, subdivision (a) pursuant to Penal Code section 654—precisely what was done in the present case. In *People* v. *Bauer* (1969) 1 Cal.3d 368, 377 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398], the Supreme Court held that when a trial court determines that separate thefts constitute "a course of conduct comprising an indivisible transaction," Penal Code section 654 prohibits multiple sentencing. In the present case, the trial court's order staying the sentence for grand theft was a sentencing choice made in full compliance with *Bauer*, not a factual finding that the car theft charge was included within the robbery allegation.

I also respectfully disagree with defendant's reliance on felony-murder rule cases which hold that a robbery is complete only when the robber reaches a place of safety. (*People* v. *Laursen* (1972) 8 Cal.3d 192, 199-200 [104 Cal.Rptr. 425, 501 P.2d 1145]; *People* v. *Carroll* (1970) 1 Cal.3d 581, 585 [83 Cal.Rptr. 176, 463 P.2d 400].) There is no felony-murder rule issue in the present case—the question is whether separate crimes were

committed. The felony-murder rule is a " 'highly artificial concept' " (*People* v. *Satchell* (1971) 6 Cal.3d 28, 34 [98 Cal.Rptr. 33, 489 P.2d 1361, 50 A.L.R.3d 383]) and no California case purports to hold that robbery as defined in Penal Code section 211 is the precise same concept as the "perpetration of . . . robbery" element of Penal Code section 189. If the two different concepts are the same, then the definition of a completed robbery in *People* v. *Massie*, *supra*, 66 Cal.2d at page 908 is in conflict with defendant's interpretation of Penal Code section 189.