Filed 6/4/15  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C075887 |
| Plaintiff and Respondent, | (Super. Ct. No. MF036546A) |
| v. | |
| JERMAINE LAMONT SMITH, | |
| Defendant and Appellant. | |

After observing defendant Jermaine Lamont Smith and a companion approach a 1997 Honda Civic that had been reported stolen, a police officer arrested defendant.  An information charged defendant with vehicle theft, receiving a stolen vehicle, and driving without a license.  (Veh. Code, § 10851, subd. (a); Pen. Code, § 496d, subd. (a); Veh. Code, § 12500, subd. (a).)[1]  In addition, the information alleged numerous prior convictions.  A jury found defendant guilty of receiving a stolen vehicle but acquitted

_____

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

him of the other counts. Sentenced to 10 years in state prison, defendant appeals, arguing remand is necessary for resentencing and sufficient evidence does not support his conviction for receiving a stolen vehicle. We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Following his arrest, defendant was charged with count 1, vehicle theft; count 2, receiving a stolen vehicle; and count 3, driving without a license. The information further alleged as to count 1 that defendant had a prior conviction for vehicle theft (§ 666.5) and alleged as to both counts 1 and 2 that defendant had three prior serious felony convictions (§§ 667, subd. (d), 1170.12, subd. (b)) and had served five prior prison terms (§ 667.5, subd. (b)). Defendant entered a plea of not guilty. The trial court granted defendant's motion to bifurcate the trial on his prior convictions. The following facts were revealed at the jury trial.

Francis Waters owned a white 1997 Honda Civic, which he allowed his son Christopher Waters to use. Francis did not know defendant or give anyone besides Christopher permission to use the Civic. Nor did Christopher know defendant.

In June 2013 Christopher parked the Civic on a street in Oakland. It was stolen in the early morning hours. Christopher reported the theft to the Oakland police.

A few days after the theft of the Civic, An Ly parked his 2001 Toyota Camry in a Stockton supermarket lot. When he returned, Ly discovered someone had stolen the Camry's license plates. Ly reported the theft to the police. Ly did not know defendant.

Two days later, Manteca Police Officer Stephen Schluer, part of the Delta Regional Auto Theft Team, set up a surveillance at a trailer park. Officer Schluer saw a white Civic, and when he ran the vehicle identification number, he discovered the car had been reported stolen.

As he watched the Civic from his unmarked police vehicle, Officer Schluer observed defendant and a female approach the car. Defendant went to the driver's side, the woman to the passenger side. Defendant opened the Civic's door, got in, and started

2

the car. Defendant then got out of the car, and he and the female stood behind the car and opened the trunk. Defendant returned to the driver's side and the woman returned to the passenger's side of the Civic.

Officer Schluer pulled his car into the driveway, blocking the Civic. He approached defendant and the woman with his gun drawn, wearing his police raid vest and his badge. As the officer approached, defendant either had one foot in the car or was standing just outside the door. Officer Schluer ordered defendant and the woman to get on the ground and handcuffed them. After identifying the pair, the officer placed defendant in the back of a police car that had arrived on the scene.

When Officer Schluer inspected the Civic, he found the ignition had been "punched," or removed, and a plastic cylindrical insert had been placed in it. According to the officer, the insert allowed the car to be started using a screwdriver. The Civic's trunk lever lock had been removed and placed on the passenger seat, the stereo system had been removed, and the vehicle's registration was crumpled on the floor.

Officer Schluer read defendant his *Miranda* rights and questioned him in the police car.[2] The jury heard a tape recording of the interview. Defendant told the officer he got the Civic the night before in Stockton from someone named Nicole Waters or Watts. He did not know Nicole, but she had been involved with one of his friends. When defendant asked Nicole if the car had been stolen, she showed him a registration for the car that matched her identification card.

Defendant admitted he had never seen a car with the ignition punched unless the car had been stolen. He also acknowledged he was in possession of the Civic but denied stealing the car. The night before, Nicole had started the car for him, and defendant stated the stereo had been stolen while it was parked, after he got the car from Nicole.

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694] (*Miranda*).

When officers returned the Civic to Christopher Waters, he found the rear driver's side window "not working electronically," the stereo missing, and tools in the back seat that did not belong to him. Christopher could still drive the Civic by turning a screwdriver in the ignition.

**Defense**

Natalie Busby, who used the surname Smith because she considered herself defendant's wife although they were not legally married, testified. The day before defendant's arrest, Smith and defendant had gone to the trailer park to visit a friend. They drove Smith's car. They spent the night at the friend's trailer, and the following morning, defendant and Smith woke up in the very early morning hours to beat traffic.

When they went outside, a redheaded woman approached and asked for someone to help fix her car. Smith became angry and left because defendant liked redheads. Smith did not find out defendant had been arrested until sometime later that month; she was unable to remember exactly when. She also admitted visiting defendant in jail "several" times and discussing the case with him.

**Verdict and Sentence**

The jury found defendant guilty of receiving a stolen vehicle but acquitted him on the other counts. At a bench trial, the court found one of the prior prison term allegations not true and the remaining allegations true. The court sentenced defendant to 10 years in prison: the upper term of three years for count 2, doubled for the prior serious felony, plus one year for each of the four prior prison term enhancements. Defendant filed a timely notice of appeal.

## DISCUSSION

### I.

Defendant contends his sentence must be reduced by one year because the trial court imposed an improper one-year enhancement under section 667.5, subdivision (b). According to defendant, the trial court failed to make a finding on one of the prior prison

4

term allegations. The People agree the trial court failed to make the finding but argue the proper remedy is to remand the case to the trial court to make a finding on the allegation.

**Background**

The information alleged as to count 2 that defendant had three prior serious felony convictions: (1) a January 3, 2000, conviction for attempted first degree burglary; (2) a February 10, 1999, conviction for second degree robbery; and (3) a February 3, 1997, conviction for second degree robbery. Count 2 also alleged defendant served five prior prison terms, for (1) a February 19, 2004, conviction for possession of a controlled substance in prison; (2) a February 17, 2004, conviction for vehicle theft; (3) a January 3, 2000, conviction for first degree burglary; (4) a February 10, 1999, conviction for second degree robbery; and (5) a February 3, 1997, conviction for second degree robbery.

During the trial on the prior convictions, the People moved to amend the information and added a prior prison term allegation that defendant incurred on October 12, 1995, for vehicle theft. The court granted the amendment.

The court found the February 10, 1999, conviction allegation true. The court allowed the prosecution to amend the date of the January 3, 2000, conviction to October 3, 2000, and found the conviction allegation true. The court also found the February 3, 1997, conviction and defendant's three-year prison sentence true. The court stated: "I'm looking at file SC61111 . . . which indicates a Jermaine Smith, back on February 3rd of 1997, suffered a conviction for second degree robbery for which he received a prison term of three years. . . .

"I've also compared that entry to People's Number 1, which also indicates that Jermaine Smith suffered a conviction for second degree robbery, a felony, from which he received three years State Prison."

The court allowed the prosecutor to amend the date of the February 19, 2004, prison prior to July 26, 2006, and found that prior to be true. The court also found the February 17, 2004, and February 10, 1999, prior prison term allegations true.

5

The court then sentenced defendant based on its review of the court files and other evidence "on the first prison prior [to] one year. That's to run consecutive.

"On the second prison prior -- just for the record, the first one is the drugs or alcohol possession in CSP Solano, Solano Superior Court conviction.

"The second prior . . . I am also going to order that that one-year term run consecutive.

"A third prior for robbery, prison term, I am going to also order that that run consecutive, one-year term.

"And the last prison prior for attempted first degree burglary, I'm also going to order that that run consecutive."

**Discussion**

During sentencing, the trial court found three prison term allegations to be true: (1) the February 19, 2004, conviction for possession of a controlled substance in prison; (2) the February 17, 2004, conviction for vehicle theft; and (3) the February 10, 1999, conviction for second degree robbery. These prior prison term enhancements were imposed at sentencing.

The court found defendant served a three-year prison term for the February 3, 1997, conviction for second degree robbery. The court did not rule on the October 3, 2000, conviction for attempted first degree burglary. However, at sentencing, the court imposed the prison prior enhancement for the January 3, 2000, conviction and did not impose a prior prison term enhancement for the February 3, 1997, conviction.

If the trial court finds a prior prison term allegation true but fails to impose the enhancement or strike the finding at sentencing, we remand for the trial court to exercise its sentencing discretion. (*People v. Irvin* (1991) 230 Cal.App.3d 180, 189-190.) Therefore, we remand for the court to either impose the enhancement or strike the prior prison term finding for defendant's February 3, 1997, conviction for second degree robbery.

6

If the trial court imposes a prior conviction enhancement not supported by sufficient evidence, the remedy is also remand for retrial on the enhancement. (*People v. Barragan* (2004) 32 Cal.4th 236, 239-240.) In the present case, the trial court imposed sentence on the October 3, 2000, conviction for attempted first degree burglary without finding the allegation true. However, defendant argues under *People v. Mitchell* (2000) 81 Cal.App.4th 132 the trial court is barred from retrying the prior prison term allegation. However, the Supreme Court in *Barragan* overruled *Mitchell*. (*Barragan*, *supra*, 32 Cal.4th at pp. 250-252.)

## II.

Defendant contends insufficient evidence supports his conviction for receiving a stolen vehicle. He argues Officer Schluer's observations did not establish that defendant knew the vehicle was stolen or that he exercised control over the vehicle that would establish personal possession.

In reviewing a challenge to the sufficiency of the evidence, we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence. Substantial evidence is evidence that is credible, reasonable, and of solid value such that a reasonable jury could find the defendant guilty beyond a reasonable doubt. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)

We do not reassess the credibility of witnesses, and we draw all inferences from the evidence that supports the jury's verdict. (*People v. Olguin* (1994) 31 Cal.App.4th 1355, 1382.) Unless it is physically impossible or inherently improbable, the testimony of a single witness is sufficient to support a conviction. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

A conviction for receiving stolen property requires that (1) the property was stolen, (2) the defendant knew the property was stolen, and (3) the defendant had possession of the stolen property. (*People v. Russell* (2006) 144 Cal.App.4th 1415, 1425.) Inferences from circumstantial evidence may establish the element of knowledge.

7

(*People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1019.) "Possession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his guilt." (*People v. McFarland* (1962) 58 Cal.2d 748, 754.)

Here, Officer Schluer observed defendant's actions vis-à-vis the stolen Civic. Defendant opened the driver's side door of the vehicle, got in, and turned on the car. Subsequently, defendant got out of the car and walked back to the trunk and opened it. After officers examined the Civic, they discovered the ignition had been "punched," the stereo removed, and the registration lay crumpled on the floor. When questioned by Officer Schluer, defendant stated he received the Civic the previous evening from "Nicole"; he also admitted the "punched" ignition indicated the Civic had been stolen. The officer's observations provided sufficient evidence that defendant knew the Civic had been stolen and that defendant was in possession of the vehicle.

Defendant cites *In re Anthony J.* (2004) 117 Cal.App.4th 718, 728; however, *Anthony J.* recognizes only that a passenger may not have the requisite measure of control over a stolen vehicle. It has little relevance here, as defendant was not merely a passenger. He was in the driver's seat of a stolen car; he started the ignition. Defendant, accordingly, was in the position of a driver, exerting control over a car. The possession element of the crime was satisfied.

### DISPOSITION

The judgment is affirmed.

                               RAYE               , P. J.

We concur:


         MURRAY       , J.


         HOCH           , J.

8