Filed 11/4/25  P. v. Livingston CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065217 |
| v. | (Super. Ct. No. 19WF0761) |
| CHRISTOPHER JASON LIVINGSTON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Scott A. Steiner, Judge. Reversed and remanded.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General,

Stephanie H. Chow, Seth M. Friedman and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

*     *     *

Defendant Christopher Jason Livingston appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.6[1] on the ground Livingston had failed to make a prima facie case for relief. Based on recent California Supreme Court authority, Livingston must be given an opportunity to file an amended petition with additional facts. We remand the matter to allow him to do so.

Additionally, at the original sentencing hearing, the trial court stayed or struck the sentence on several of the counts to which Livingston pled guilty, but failed to impose a sentence that could be stayed or struck. We therefore remand the matter to the court for the additional purpose of imposing sentence.

FACTUAL AND PROCEDURAL BACKGROUND

Following a preliminary hearing, Livingston was charged with one count of attempted murder (§§ 664, 187, subd. (a), count 1), two counts of attempted robbery (§§ 664, 211, counts 2 & 3), and one count each of being a felon in possession of a firearm and of ammunition (§§ 29800, subd. (a)(1), count 4; 30305, subd. (a)(1), count 5). The information alleged firearm enhancements with respect to counts 1, 2, and 3 (§ 12022.53, subds. (c) & (d)), and that count 1 was committed willfully, deliberately, and with premeditation (§ 664, subd. (a)). The information also alleged prior felony convictions with respect to counts 4 and 5.

_____

[1] All further statutory references are to the Penal Code.

2

In January 2021, Livingston pled guilty to all charged counts and admitted all enhancements as to counts 1, 2, and 3. The trial court sentenced him to 17 years in prison: the middle term of seven years on count 1 and 10 years for the attendant firearm enhancement. The court stayed sentence on counts 2, 3, and 4, "pending successful completion of sentence on count 1, then permanently stayed." The court also suspended sentence on count 5, and either struck for purposes of sentencing or stayed punishment on all the other enhancements.

In September 2024, Livingston filed a petition for resentencing pursuant to section 1172.6. The court appointed counsel to represent Livingston. After briefing and a hearing, the trial court found Livingston had failed to establish a prima facie claim for relief. Livingston filed a timely notice of appeal.

DISCUSSION

We review de novo a trial court's ruling whether a defendant has made a prima facie showing with respect to a section 1172.6 petition. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

In *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), the California Supreme Court recently held that a trial court may rely on "unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations," regardless of whether the defendant "stipulated to the transcript as the factual basis of a plea." (*Id.* at pp. 564, 569, fn. 12.) While the Supreme Court further held that the Court of Appeal "correctly concluded Patton had not, on the record before it, made a prima facie showing" (*id.* at p. 569), it remanded the matter to allow the defendant to file an amended petition with additional facts (*id.* at pp. 569–570).

3

In this case, the trial court's order denying the section 1172.6 petition lists the portions of the record it considered, which did not include the reporter's transcript from the preliminary hearing. On the record before it, the court correctly found Livingston had not made a prima facie showing under section 1172.6. However, under *Patton*, it is now clear that the preliminary hearing transcript may be considered in determining whether a prima facie showing has been made.

Livingston asks this court to remand the matter to the trial court to give him an opportunity to plead additional facts to make a prima facie showing under section 1172.6, subdivision (c). The Attorney General concedes that, pursuant to *Patton*, Livingston is entitled to that relief.

We agree. Livingston pled guilty and admitted all enhancements. Since the time his plea was entered, however, legislative amendments have changed the landscape regarding liability for murder and attempted murder. Additionally, since the trial court denied Livingston's section 1172.6 petition, the California Supreme Court has held a preliminary hearing transcript may be considered in determining whether a defendant has established a prima facie case for resentencing. Therefore, remand is appropriate.

The Attorney General also asks this court to direct the trial court to pronounce sentence on counts 2 through 5, and the attendant sentencing enhancements.

"'Upon conviction it is the duty of the court to pass sentence on the defendant and impose the punishment prescribed. [Citation.] Pursuant to this duty the court must either sentence the defendant or grant probation in a lawful manner; it has no other discretion.' [Citation.] [¶] A sentence must be imposed on each count, otherwise if the nonstayed sentence is vacated,

4

either on appeal or in a collateral attack on the judgment, no valid sentence will remain." (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1468–1469.)

Where the trial court fails to pronounce sentence on all counts, the appellate court may remand the matter to correct the unauthorized sentence on the defendant's appeal, even if the People did not appeal. (*People v. Irvin* (1991) 230 Cal.App.3d 180, 192.) Livingston does not dispute this legal principle; his argument is that the trial court *did* pronounce sentence on all counts and enhancements and all that needs to be done is to direct that the abstract of judgment be corrected. Having reviewed the appellate record, we disagree with Livingston.

At the original sentencing hearing, the trial court stated, in relevant part:

"The Court: . . . [¶] He's sentenced to the midterm on Count 1 of seven years in the state prison, and pursuant to 12022.53(H) of the Penal Code, he's sentenced to a further and consecutive ten years in the state prison for a total sentence of 17 years in the state prison. . . .

[¶] . . . [¶]

"Ms. Parness [defense attorney]: And the Court stayed or struck the 12022.53 allegations as well; correct?

"The Court: I made a finding pursuant to 12022.53(H) that it's not being stricken. It's just the Court is imposing the LIO of 12022.53(B) plus ten."

The trial court's minute order for the sentencing hearing reads in relevant part as follows:

"No legal cause why judgment should not be pronounced and defendant having been convicted of 664(a)-PC187(a) PC as charged in count 1, defendant is sentenced to state prison for Middle term of 7 Year(s).

[¶] Court finds enhancement pursuant to 12022.53(d) PC charged and found true in count 1. Court imposes term of 10 Year(s). Sentence to be consecutive to sentence on count 1. [¶] Sentence on count 2, 3, 4 is stayed pending successful completion of sentence on count 1, then permanently stayed. [¶] As to count(s) 5, sentence suspended. [¶] Enhancement pursuant to 664(a) PC, sequence # 2, as to count 1 stricken for purposes of sentencing only. [¶] Court finds enhancement pursuant to 12022.53(d) PC, sequence # 1, charged and found true in count 2. Punishment stayed. [¶] Court finds enhancement pursuant to 12022.53(c) PC, sequence # 1, charged and found true in count 3. Punishment stayed. [¶] Defendant was sentenced to enhancement PC 12022.53 (b) pursuant to Tirado. . . .  [¶] Total term to be served in State Prison is 17 Year(s)." (Boldface and some capitalization omitted.)

The appellate record confirms the Attorney General's contention that the trial court did not impose a sentence on counts 2 through 5 and their sentencing enhancements. On remand, the court shall impose sentence on those counts and enhancements, and then stay or suspend them.

## DISPOSITION

The postjudgment order is reversed and remanded with directions to the trial court to (1) consider an amended section 1172.6 petition should Livingston seek to file one within 30 days after remand, and

(2) impose sentence on counts 2 through 5 and the attendant sentencing enhancements.



BANCROFT, J.*

WE CONCUR:


SANCHEZ, ACTING P. J.


GOODING, J.


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.