Filed 12/23/15  P. v. Lopez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

      Plaintiff and Respondent,

v.

JUAN ADRIAN LOPEZ et al.,

      Defendants and Appellants.

E062511

(Super.Ct.No. INF1400918)

OPINION

APPEAL from the Superior Court of Riverside County.  James S. Hawkins, Judge.  Affirmed as modified.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant Juan Adrian Lopez.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant Jesus Jaime Rocha.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendants and appellants Juan Adrian Lopez and Jesus Jaime Rocha guilty of first degree residential burglary. (Pen. Code, § 459.)[1] In a bifurcated proceeding, the trial court found true that Lopez had suffered one prior strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subds. (b) & (c)(1)), one prior serious felony conviction (§ 667, subd. (a)(1)), and two prior prison terms (§ 667.5, subd. (b)). The trial court also found true that Rocha had suffered three prior prison terms (§ 667.5, subd. (b)). As a result, Lopez was sentenced to a total term of 18 years, and Rocha was sentenced to a total term of eight years in state prison. Defendants appeal from the judgment.

On appeal, Lopez argues (1) the trial court abused its discretion in sentencing him to the upper term, and (2) the trial court improperly stayed one of his prior prison terms. We agree the trial court erred in staying rather than striking one of Lopez's prior prison terms and will modify the judgment accordingly. We reject Lopez's remaining contention and affirm the judgment.

Counsel for Rocha has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Rocha also filed a personal supplemental letter, claiming his appellate counsel was ineffective. We reject Rocha's contentions and affirm the judgment as modified.[2]

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] In reviewing the record on appeal, we note the trial court incorrectly stayed one of Rocha's prior prison terms, to wit, a 2008 receiving a stolen vehicle (§ 496,

*[footnote continued on next page]*

2

# I

## FACTUAL AND PROCEDURAL BACKGROUND

On April 4, 2014, Lopez and Rocha broke into a residential trailer located in a trailer park on Airport Boulevard in the County of Riverside. A neighbor saw Lopez use a tree trimmer to cut something on the door to her neighbor's trailer and called 911 to report the crime. The neighbor also witnessed Lopez put down the trimmer and kick in the trailer door. She then observed Lopez and Rocha enter the trailer. She then saw Lopez exit the trailer with a heavy-laden suitcase and Rocha exit with a black backpack. Lopez fled the scene on a bicycle he had propped against the trailer, and Rocha left on foot.

Deputies from the Riverside County Sheriff's Department responded to the scene and found Lopez hiding underneath one of the trailers. Rocha was found a short distance from the trailer park. When a deputy confronted him, Rocha fled and discarded stolen property onto the street as he ran from the deputy.

Investigation revealed that the trailer door was "completely ripped out of the frame." Among the stolen items were a computer, a mobile phone, phone chargers, a portable digital music device, tools, jewelry, a rosary, and the suitcase.

On October 16, 2014, an amended information was filed charging defendants with first degree residential burglary. (§§ 459, 460, subd. (a)). As to Lopez, the

---

*[footnote continued from previous page]*
subd. (d)) conviction, rather than striking it. As such, we will modify the judgment accordingly.

information also alleged that Lopez had suffered one prior serious or violent felony strike conviction (§§ 667, subds. (d) & (e)(1), 1170.12, subds. (b) & (c)(1)), one prior serious felony conviction (§ 667, subd. (a)(1)), and two prior prison terms (§ 667.5, subd. (b)).  As to Rocha, the information further alleged that Rocha had suffered three prior prison terms.  (§ 667.5, subd. (b).)

On October 29, 2014, a jury found defendants guilty of first degree burglary as charged.  In a bifurcated proceeding, the trial court found true all of the prior conviction allegations.

On December 10, 2014, Lopez was sentenced to a total term of 18 years in state prison, with credit of 501 days for time served as follows:  the upper term of six years, doubled to 12 years due to the prior strike, for the substantive offense; a consecutive term of five years for the prior serious felony conviction; and a consecutive term of one year for one of the prior prison term allegations; the second prior prison term allegation was stayed.  Rocha was sentenced to a total term of eight years in prison, with credit of 501 days for time served as follows:  the upper term of six years for the burglary offense; plus two consecutive one-year terms for two of the prior prison term allegations; a third prior prison term allegation for a 2008 receiving a stolen vehicle (§ 496, subd. (d)) conviction was stayed.  Both defendants subsequently appealed.

II

DISCUSSION

A.      *Defendant Lopez's Appeal*

On appeal, Lopez argues the trial court abused its discretion in sentencing him to the upper term and the trial court erred in staying one of his prior prison term allegations. We agree that the trial court should have struck the prior prison term allegation but disagree with defendant's first contention.

1.      Imposition of Upper Term

A trial court's exercise of its discretion in selecting a lower, middle, or upper term sentence under section 1170.1 is subject to review for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "[A] trial court will abuse its discretion . . . if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." (*Ibid*.) "Sentencing courts have wide discretion in weighing aggravating and mitigating factors. [Citation.] Indeed, a trial court may 'minimize or even entirely disregard mitigating factors without stating its reasons.' [Citation.]" (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1258 (*Lai*).) " 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " (*People v. Superior Court* (*Alvarez* ) (1997) 14 Cal.4th 968, 977-978; accord, *Lai*, at pp. 1258-1259.)

At the time of the sentencing hearing, Lopez was 23 years old and had a lengthy criminal history. Lopez began a life of crime in 2006 as a juvenile; and since that time, he has committed numerous crimes, with the exception of those periods of time when he was incarcerated. As an adult, he was convicted of vehicle theft in November 2010, and sent to state prison for 16 months. After his release, he violated parole in July 2011 and February 2012; and in March 2013, he was convicted of assault with a deadly weapon and vehicle theft with a prior and sentenced to 24 months in state prison with 12 months of mandatory community release supervision. Following his release, Lopez violated his parole supervision in April 2014 and committed the instant offense in October 2014 while on parole supervision. It appears the trial court imposed the upper term based on Lopez's conduct that indicates a serious danger to society (Cal. Rules of Court, rule 4.421(b)(1)); Lopez's lengthy criminal history both as a juvenile and an adult, which were of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)); Lopez's prior prison terms (Cal. Rules of Court, rule 4.421(b)(3)); the fact Lopez was on parole supervision when he committed the instant crime (Cal. Rules of Court, rule 4.421(b)(4)); and Lopez's unsatisfactory prior performance on probation or parole (Cal. Rules of Court, rule 4.421(b)(5)).[3] Indeed, the record supports the above-noted aggravating factors.

_____

[3] We note the probation officer recommended a middle term sentence. However, as Lopez points out, "[t]he probation officer's report and recommendation are advisory only, constituting aids to the sentencing courts in its exercise of discretion in determining an appropriate disposition, and thus may be rejected in their entirety.

*[footnote continued on next page]*

Lopez does not dispute that the aggravating circumstances identified by the trial court are relevant and supported by the record. He acknowledges he has an extensive criminal history but blames his crimes on a "serious drug problem," which he believes was a mitigating factor warranting a low or middle term sentence, and "not because of any inherent evilness." At the outset, we reject the suggestion that the trial court failed to consider Lopez's drug addiction. The record shows that the trial court was aware of defendant's history of substance abuse, and the court made a finding to that effect. Lopez's social background and history with substance abuse was pointed out to the court by his trial counsel and Lopez's family members at the sentencing hearing. The court, however, found that Lopez "appears that he's not interested in being rehabilitated." The court also stated, "And because of that, the only thing the court can do is remove him from society for a period of time that is justified by the circumstances."

Citing *People v. Jones* (2009) 178 Cal.App.4th 853, 859 [Fourth Dist., Div. Two] (*Jones*) and *People v. Gorley* (1988) 203 Cal.App.3d 498, 501, Lopez argues "heavy use of or addiction to drugs is a mitigating factor." Initially, we note Lopez's reliance on *Jones* is misplaced. In that case, this court did not hold drug addiction is a mitigating factor; instead, we found Jones waived his claim that the trial court failed to

---

*[footnote continued from previous page]*
[Citations.]" (*People v. Kronemyer* (1987) 189 Cal.App.3d 314, 366, overruled on another ground in *People v. Whitmer* (2014) 59 Cal.4th 733, 742.)

7

consider additional mitigating factors, "such as his addiction to drugs." (*Jones*, at p. 859.)

Although drug and alcohol addiction may be a mitigating factor, it is not always a mitigating factor. (See, e.g., *People v. Regalado* (1980) 108 Cal.App.3d 531, 538-539 (*Regalado*); *People v. Reyes* (1987) 195 Cal.App.3d 957, 963 (*Reyes*); *People v. Martinez* (1999) 71 Cal.App.4th 1502, 1510-1511 (*Martinez*).) In *Regalado*, the appellate court upheld the "sentencing court's implicit conclusion that defendant's drug use did not influence the commission of the burglary to an extent that 'partially excused' its commission," in part because although the defendant's substance abuse problem was a longstanding one, the defendant had failed to take advantage of opportunities to address his problem. (*Regalado*, at p. 539.)

In a similar vein, the *Reyes* court held: "As a policy matter, when a defendant has a drug addiction or substance abuse problem, where the defendant has failed to deal with the problem despite repeated opportunities, where the defendant shows little or no motivation to change his life style, and where the substance abuse problem is a substantial factor in the commission of crimes, the need to protect the public from further crimes by that individual suggests that a longer sentence should be imposed, not a shorter sentence. For example, the felony drunk driver who is suffering from an uncontrolled alcoholism should be sentenced to a longer term, not a shorter one, in order to prevent him from driving under the influence again." (*Reyes*, *supra*, 195 Cal.App.3d at p. 963.)

Likewise, the facts of *Martinez*, *supra*, 71 Cal.App.4th 1502 are analogous and, thus, the reasoning therein applicable to the present case. There, the defendant contended his sentence of life imprisonment under the three strikes law violated the state constitutional prohibition of cruel or unusual punishment. (*Martinez*, at pp. 1509-1510.) In rejecting the claim, the court pointed out in part that Martinez was "a frequent repeat offender who seemingly has not learned from past incarceration. At sentencing he acknowledged that in the past dozen years he had averaged about 45 days between leaving jail and being arrested again. [¶] [Martinez] portrays himself as a drug addict and a victim of drugs. The record demonstrates [he] has had lifelong problems with alcohol and drugs. However, drug addiction is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment. [Citations.] It is notable that [Martinez] appears to have become seriously committed to seeking treatment after incarceration on charges carrying a life term. [Martinez's] upbringing and learning disabilities are unfortunate, but the law still holds such an individual responsible for his or her behavior." (*Id*. at pp. 1510-1511.)

In the present case, the record demonstrates that Lopez is a repeat offender who has performed poorly on probation and parole and has failed to take drug treatment seriously. He had been given an opportunity to rehabilitate in juvenile detention facilities, drug court, treatment facilities, prison, and parole supervision. He was on mandatory parole supervision when he committed the present offense. The trial court

9

did not abuse its discretion in failing to treat Lopez's drug addiction as a mitigating circumstance.

Moreover, even if the court erred in failing to identify Lopez's drug addiction as a mitigating circumstance, the error was not prejudicial because there is no reasonable probability a more favorable sentence would have been imposed in the absence of the error. (*People v. Scott* (1994) 9 Cal.4th 331, 355.) Showing the trial court made an error in considering a factor in sentencing is not, by itself, a sufficient ground for reversal. "Even if a trial court has stated both proper and improper reasons for a sentence choice, 'a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper.' " (*Jones*, *supra*, 178 Cal.App.4th at p. 861.) As explained *ante*, in the present case, the mitigating circumstance relied upon by Lopez is weakly mitigating at best. Moreover, the record reflects that the trial court had that circumstance in mind, even if it did not accept it as a mitigating circumstance. In light of the five undisputed aggravating circumstances identified by the trial court, any error in identifying mitigating circumstances was harmless. (See *Jones*, *supra*, 178 Cal.App.4th 853, 863, fn. 7 ["Only a single aggravating factor is necessary to make it lawful for the trial court to impose an aggravated prison term."]; *People v. Osband* (1996) 13 Cal.4th 622, 732 [A single aggravating factor is sufficient to support an upper term.].)

Based on the foregoing, the trial court's decision to impose the upper term sentence was not an abuse of discretion.

## 2.     Staying of Prior Prison Term Enhancement

Lopez also contends, and the People correctly agree, that the trial court erred in staying rather than striking one of his prior prison terms.  (§ 667.5, subd. (b).)

Under section 667.5, subdivision (b), the trial court is required to impose a consecutive one-year term for each prior prison term served for any felony.  (*People v. Savedra* (1993) 15 Cal.App.4th 738, 746-747.)  Once a prior prison term allegation is found true, the trial court must either impose a consecutive one-year enhancement term pursuant to section 667.5, subdivision (b), or exercise its discretion to strike the allegation pursuant to section 1385.  (*People v. Langston* (2004) 33 Cal.4th 1237, 1241; *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1561; *People v. Campbell* (1999) 76 Cal.App.4th 305, 311; *People v. Jones* (1992) 8 Cal.App.4th 756, 758.)  The failure to do so results in a legally unauthorized sentence.  (*People v. Bradley* (1998) 64 Cal.App.4th 386, 390-392.)

Thus, the staying of the prior prison term enhancement was an unauthorized sentence.  (See *People v. Irvin* (1991) 230 Cal.App.3d 180, 192-193; *People v. Cattaneo* (1990) 217 Cal.App.3d 1577, 1588-1589.)  It is unnecessary to remand the matter to the trial court to decide whether to impose or strike the enhancement, because it is clear from the court's comments at the sentencing hearing that the court did not intend to impose the term on one of the two prior prison terms.  As such, we will strike the improperly stayed prior prison term enhancement.  (See *People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1521.)

B.      *Defendant Rocha's Appeal*

After Rocha appealed, and upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief.  He did not file a supplemental brief on the merits.  Instead, he filed a one-page letter seeking new appellate counsel and to argue his appellate counsel did not represent him to the "best of his abilities."  Rocha also notes in his letter that he "strongly believes that there were many issues that should of been brought up but were not."

A claim of ineffective assistance of appellate counsel requires a showing of both deficient performance and prejudice.  (*In re Reno* (2012) 55 Cal.4th 428, 488.)  Such a claim may be raised by an indigent defendant represented by appointed counsel, and if the appellate court agrees that the appellate attorney failed to raise significant meritorious issues, the defendant may be entitled to appointment of new counsel on appeal.  (*People v. Lang* (1974) 11 Cal.3d 134, 139, 142; *People v. Rhoden* (1972) 6 Cal.3d 519, 529.)

Having reviewed the entire record, we discern no basis for a claim of ineffective assistance of appellate counsel.  No error of counsel appears on the face of the record, and we will not infer from the mere filing of a *Wende* brief that counsel's representation fell below professional norms.  At the very least, appellate counsel has

12

the duty to prepare a brief containing citations to the appellate record and appropriate authority. (*People v. Feggans* (1967) 67 Cal.2d 444, 447.) Counsel must set forth all arguable issues and cannot argue the case against his or her client. (*Ibid.*) These requirements were fulfilled here. Counsel raised the potential issues of whether Rocha's prior prison terms should have been stricken in light of Proposition 47 and whether there was sufficient evidence to support the jury's verdict.

Failure of "appellate counsel to raise crucial assignments of error, which arguably might have resulted in a reversal" deprives an appellant of effective assistance of appellate counsel. (*In re Smith* (1970) 3 Cal.3d 192, 202-203.) However, the fact that appellate counsel followed the procedure set forth in *Wende* is insufficient, by itself, to show appellate counsel has been ineffective.

We have undertaken an examination of the entire record pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, and we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, defendant has also failed to meet his burden of proof on the issue of ineffective assistance of appellate counsel.

Nonetheless, we do find a sentencing error, which we will correct by modification. As in Lopez's case, the trial court erred in staying rather than striking one of the three prior prison term enhancements. (*People v. Langston*, *supra*, 33 Cal.4th at p. 1241; *People v. Campbell*, *supra*, 76 Cal.App.4th at p. 311; *People v. White Eagle*, *supra*, 48 Cal.App.4th at p. 1521; *People v. Savedra*, *supra*, 15 Cal.App.4th at pp. 746-747; *People v. Calhoun* (1983) 141 Cal.App.3d 117, 125-126.)

As previously noted, although a trial court has the power to strike a prior prison term enhancement under section 1385 (*People v. Bradley*, *supra*, 64 Cal.App.4th at p. 391, fn. 2; *Calhoun*, at pp. 124-125), a court does not have the power under section 1385 to stay a prior prison term enhancement (*Calhoun*, at pp. 124-125). Thus, the staying of one of the three prior prison term enhancements, specifically the prior prison term for the 2008 receiving stolen vehicle conviction, was an unauthorized sentence. (See *People v. Irvin*, *supra*, 230 Cal.App.3d at pp. 192-193.) An unauthorized sentence discovered by an appellate court is subject to correction. (*People v. White Eagle*, *supra*, 48 Cal.App.4th at p. 1521.) It is clear by the trial court's comments at the sentencing hearing that it did not intend to impose the prior prison term enhancement for the 2008 vehicle theft conviction. Accordingly, we will order this prior prison term enhancement stricken rather than stayed.

III

DISPOSITION

As to Lopez, the improperly stayed prior prison term enhancement is stricken rather than stayed. Likewise, in Rocha's case, the improperly stayed prior prison term enhancement is stricken. The clerk of the superior court is directed to amend the abstracts of judgment in both Lopez's and Rocha's cases and the court's minute order of the December 10, 2014 sentencing hearing in accordance with this opinion and forward a copy of the amended abstracts of judgment to the Department of Corrections and Rehabilitation.

14

The judgments, as so modified, are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.