Filed 6/23/25  P. v. Melendez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B332300 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA155094) |
| v. | |
| GARY MELENDEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge.  Affirmed as modified.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief As/sistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Sophia A. Lecky, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Gary Melendez of attempted murder and assault with a deadly weapon. The jury found true that Melendez personally used a deadly weapon and personally inflicted great bodily injury in the commission of both offenses. The jury also found several circumstances in aggravation true. On appeal Melendez contends the court should have stricken the deadly weapon enhancement as to the assault conviction, rather than stayed it as the court did. He also contends the trial court improperly relied on circumstances in aggravation to impose the sentence on the attempted murder. We modify the judgment to strike the deadly weapon enhancement attached to the assault conviction but otherwise affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

A.   *Prosecution Evidence*

On January 21, 2021, Devarsh Patel was the manager on duty at a hotel in Whittier, California. Around 12:50 a.m. Patel heard loud yelling and saw three men fighting near Room 109. Melendez, who sometimes stayed in Room 109, and another man were hitting the third man, Alvaro S.[1]

Patel told them, "you guys shouldn't . . . fight here." Melendez and the other man ran away, leaving Alvaro standing there with "blood coming out from his body."

Deputy Antonio Serrato with the Whittier Police Department arrived at the hotel shortly after the fight. He saw

---

[1]   We refer to the victim by his first name and last initial only. (See Cal. Rules of Court, rule 8.90(b)(4) [permitting us to refer to "[v]ictims in criminal proceedings" by first name and last initial to protect their privacy interests].)

Alvaro sitting in a chair, covered in blood. He gave Alvaro a quick pat down and did not find any weapons on him. Alvaro had stab wounds to his chest, abdomen, armpit, and thigh, and he was eventually taken to the hospital.

Video surveillance footage showed Melendez holding a knife during the fight.

B.    *Defense Evidence*

Melendez testified that on January 21, 2021, he was living in Room 109 with his wife, eight-year-old daughter, and two-month-old step-grandson. That evening, Alvaro, who was dating Melendez's stepdaughter, arrived at the hotel and met with Melendez in the parking lot. Alvaro said he wanted to take Melendez's step-grandson. Melendez raised his hand, told Alvaro "it wasn't happening," and walked back to the hotel room.

When Melendez got inside the hotel room, he turned around and saw Alvaro there. Melendez threw the first punch at Alvaro and told Alvaro to leave. Alvaro punched back, and the fight continued outside in the hallway. At some point, Melendez's cousin, Andrew Zamora, joined the fight against Alvaro. Melendez testified he saw Alvaro reaching behind his back on several occasions and thought Alvaro was reaching for some kind of weapon. Melendez took a knife from his belt and stabbed Alvaro multiple times because he "was scared for [his] family." He testified he did not intend to kill Alvaro.

Melendez admitted he had two prior felony convictions involving moral turpitude.

C.    *Verdict and Sentencing*

The jury convicted Melendez of attempted murder (Pen. Code,[2] §§ 187, subd. (a), 664) and assault with a deadly weapon (§ 245, subd. (a)(1)).  As to both offenses, the jury found true that Melendez personally used a deadly weapon (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury on Alvaro (§ 12022.7, subd. (a)).  The jury also found true several circumstances in aggravation as to both offenses:  the offenses "involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness" (Cal. Rules of Court,[3] rule 4.421(a)(1)); Melendez "was armed with or used a weapon at the time of the commission of the crime[s]" (rule 4.421(a)(2)); and he "engaged in violent conduct that indicates a serious danger to society" (rule 4.421(b)(1)).

In a bifurcated court trial, the court found that in 2002 Melendez was convicted of attempted murder (§§ 187, subd. (a)(1), 664) and arson (§ 451, subd. (b)), in two separate cases. The court concluded these prior convictions constituted "strike priors," (i.e., "serious" and/or "violent" felonies subject to the "Three Strikes" law (§§ 667, subds.(b)-(i), 1170.12)).  The court also found true a circumstance in aggravation — that Melendez served a prior term in prison (rule 4.421(b)(3)).

At sentencing, the court denied Melendez's motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) to dismiss one or more of his prior serious or violent felony

---

[2]    Further statutory references are to the Penal Code.

[3]    Further references to rules are to the California Rules of Court.

4

convictions under the Three Strikes law. The court sentenced Melendez as a third striker to 25 years to life for the attempted murder (§ 1170.12, subd. (c)(2)(A)(ii)), plus consecutive determinate terms of three years for the great bodily injury enhancement and one year for the weapon enhancement. As to the assault, the court imposed the middle term of three years but stayed execution of the sentence under section 654. The court also stayed the great bodily injury and deadly weapon enhancements as to the assault.

Melendez timely appealed.

## DISCUSSION

A.  *The Section 12022, Subdivision (b)(1) Enhancement as to the Assault with a Deadly Weapon Must Be Stricken*

Melendez contends the trial court should have stricken, rather than stayed, the weapon enhancement under section 12022, subdivision (b)(1), that is attached to the count for assault with a deadly weapon. The People concede that a court may not impose a section 12022, subdivision (b)(1) enhancement on a count for assault with a deadly weapon. (§ 12022, subd. (b)(1) ["A person who personally uses a deadly or dangerous weapon in the commission of a felony . . . shall be punished by an additional and consecutive term of imprisonment in the state prison for one year, *unless use of a deadly or dangerous weapon is an element of that offense.*" (Italics added)]; *People v. Summersville* (1995) 34 Cal.App.4th 1062, 1070 (*Summersville*) ["A conviction under section 245, subdivision (a)(1) cannot be enhanced pursuant to section 12022, subdivision (b)."].) However, the People argue that Melendez's claim is "moot"

5

because the court did not impose the weapon enhancement. They are incorrect.

The trial court has a duty to determine and impose a sentence prescribed by law. (§ 12; *People v. Bradley* (1998) 64 Cal.App.4th 386, 390 (*Bradley*).) Under this duty, the court must either impose or strike a section 12022, subdivision (b)(1) enhancement. (See *People v. Mani* (2022) 74 Cal.App.5th 343, 380 ["it is improper to impose no sentence or to stay *imposition* of the sentence"]; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469 ["A sentence must be imposed on each count, otherwise if the nonstayed sentence is vacated, either on appeal or in a collateral attack on the judgment, no valid sentence will remain."]; *People v. Langston* (2004) 33 Cal.4th 1237, 1241 ["Once the prior prison term is found true within the meaning of [former] section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken."]; *Bradley*, at p. 391.) "The failure to impose or strike an enhancement is a legally unauthorized sentence subject to correction for the first time on appeal." (*Bradley*, at p. 391; accord, *People v. Irvin* (1991) 230 Cal.App.3d 180, 192 ["trial court's failure either to state that it was striking the enhancement or to impose it was 'analogous to a failure to pronounce sentence on all counts, which is the type of unauthorized sentence that can be corrected' "].) We may correct an unauthorized sentence even in the absence of an objection in the trial court. (See *People v. Welch* (1993) 5 Cal.4th 228, 235-236 [listing examples of "pure questions of law" that can be corrected by the reviewing court, including failure to strike or impose an enhancement].)

The People are correct that the trial court did not impose the section 12022, subdivision (b)(1) enhancement as to the

assault.  After the court imposed the middle term of three years for the assault with a deadly weapon and stayed execution of the sentence under section 654, the court said the following with respect to the attached allegations:  "All of the allegations as to [the assault count] are stayed."  The sentencing minute order reflects the court's ruling, stating, "The sentence as to the allegations [for the assault count] are also ordered stayed pursuant to . . . section 654."  The abstract of judgment similarly confirms the court's ruling in that it does not include any imposed sentence for the section 12022, subdivision (b)(1) enhancement as to the assault.

This was an unauthorized sentence, which we can correct on appeal.  (See *Bradley*, *supra*, 64 Cal.App.4th at p. 391; *People v. Irvin*, *supra*, 230 Cal.App.3d at p. 192.)  As discussed, a section 12022, subdivision (b)(1) enhancement cannot be imposed to enhance a conviction for assault with a deadly weapon.  (*Summersville*, *supra*, 34 Cal.App.4th at p. 1070.)  Thus, the enhancement should have been stricken.  (*People v. Landry* (2016) 2 Cal.5th 52, 127-129; *Summersville*, at p. 1070; *People v. McGee* (1993) 15 Cal.App.4th 107, 110, 113.)

B.      *The Trial Court Did Not Rely on Circumstances in Aggravation in Denying Melendez's* Romero *Motion or Sentencing Him on the Attempted Murder Charge*

Melendez also argues we "should remand for resentencing" because the trial court improperly relied on aggravating circumstances under rules 4.421(a)(1), (a)(2), and (b)(1) when it

denied his *Romero* motion and imposed the sentence on the attempted murder count.[4]  We reject his argument.

Preliminarily, aggravating circumstances are not relevant to the court's determination of a *Romero* motion.  "[A] *Romero* motion, which is utilized by defendants facing a prison sentence under California's Three Strikes law, requires the sentencing court to utilize a different legal standard with a different presumption than would be applied under the current section 1170.  ' "[T]he Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court 'conclud[es] that an exception to the scheme should be made because . . . this defendant should be treated as though he actually fell outside the Three Strikes scheme.' " ' " (*People v. Salazar* (2023) 15 Cal.5th 416, 428; see § 1170, subd. (b) [court considers aggravating circumstances when it must exercise its discretion and choose between "three possible terms"].)  " '[I]n ruling whether to strike [a qualifying strike] under the Three Strikes law . . . the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's

---

4        Melendez also argues we should "strike" the jury's findings on the aggravating circumstances.  He fails to explain why we should strike the findings and cites no authority.  Because he fails to adequately support this argument, we do not consider it. (*People v. Evans* (2011) 200 Cal.App.4th 735, 756, fn. 12.)

spirit, in whole or in part.' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

In any event, the court here did not rely on the aggravating circumstances to deny Melendez's *Romero* motion. The court considered the nature of the present case, finding it was "egregious," and considered Melendez's prior strike convictions for arson and attempted murder, finding they showed "he is a danger and doesn't follow the rules." The court also considered that while the prior strikes were "old," Melendez "continue[d] on with criminal activity." All these factors were relevant to the trial court's decision under *Romero*, and the court properly balanced them in concluding that Melendez did not fall outside the spirit of the Three Strikes law. (See *People v. Carmony*, *supra*, 33 Cal.4th at pp. 378-379.)

Once the court denied Melendez's *Romero* motion, it was required to sentence him as a third striker under section 1170.12, subdivision (c)(2)(A). In sentencing him to 25 years to life, the court did not have the discretion to weigh aggravating factors against mitigating ones and choose between "three possible terms." (See § 1170, subd. (b)(1); § 1170.12, subd. (c)(2)(A)(ii).) Likewise, the court did not have the discretion to impose a lighter term or concurrent terms on the enhancements. (§§ 12022, subd. (b)(1), 12022.7, subd. (a).) Therefore, Melendez's argument that the court improperly relied on aggravating circumstances in imposing the sentence on the attempted murder is unavailing.

## DISPOSITION

The judgment is modified to strike the stayed section 12022, subdivision (b)(1) deadly weapon enhancement as to the assault. The judgment is otherwise affirmed.

STONE, J.

We concur:

MARTINEZ, P. J.

FEUER, J.

10